## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DERRICK MILLER,
   Appellant,

  v.

DEPARTMENT OF DEFENSE,
   Agency.

DOCKET NUMBER
PH-0752-18-0231-I-2

DATE: August 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Yancey</u>, Atlanta, Georgia, for the appellant.

<u>Victoria R. Gulasarian</u> and <u>Joseph Guerra</u>, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision which affirmed his removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

In an initial decision issued on September 27, 2019, the administrative judge affirmed the agency's action removing the appellant from his position for being absent without leave for over 4 months. *Miller v. Department of Defense*, MSPB Docket No. PH-0752-18-0231-2, Appeal File, Tab 24, Initial Decision (ID). The administrative judge notified the parties that the initial decision would become final on November 1, 2019, if neither party filed a petition for review. ID at 13.

On October 31, 2019, the appellant submitted a request for an extension of time to file his petition for review, citing technical issues with his personal server. Petition for Review (PFR) File, Tab 1 at 3. The Board granted an extension until November 12, 2019. PFR File, Tab 2. On December 12, 2019, the appellant filed his petition for review, PFR File, Tab 3, and on the same day, and on the following day, he submitted attachments to his petition. PFR File, Tabs 4-5. The Clerk of the Board notified the appellant that the petition for review appeared to be untimely filed because it was not filed by November 12, 2019. PFR File, Tab 6. The Clerk afforded the appellant an opportunity to file a motion to accept his filing as timely and/or to waive the time limit for good cause, and stated that such a motion must be accompanied by a statement under penalty of perjury, or an affidavit, postmarked, if mailed, or sent by facsimile, on or before December 28, 2019, *id.* at 2. On December 29, 2019,[2] the appellant filed a response with attachments. PFR File, Tabs 8, 9. The agency moved that the petition for review be dismissed as untimely filed with no good cause shown. PFR File, Tabs 7, 10.

---

[2] Contrary to the agency's claim, PFR File, Tab 10 at 6, the appellant's December 29, 2019 response was not untimely. It was due on December 28, 2019, but, because that was a Saturday, the appellant's response was not due until December 30, 2019. 5 C.F.R. § 1201.23.

**ANALYSIS**

The Board's regulations require that a petition for review be filed within 35 days after the date of issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision.[3] *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). As stated in the initial decision, the petition for review was due on November 1, 2019, ID at 13, but the Clerk granted the appellant an extension until November 12, 2019. PFR File, Tab 2. The appellant's petition for review, filed on December 12, 2019, was 30 days late. PFR File, Tab 3.

The Board will waive the filing deadline for a petition for review upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

---

[3] We have considered the appellant's statement in his petition for review that he received the September 27, 2019 initial decision on November 12, 2019. PFR File, Tab 3 at 3. However, the fact that he filed a request for an extension on October 31, 2019, demonstrates that he was aware at that time of the filing deadline as set forth in the initial decision.

In applying these factors to this case, we first find that, although the appellant is pro se, a 1-month delay is not insignificant. *See, e.g., Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 9 (2008); *Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (2008). The appellant offers two explanations for why he missed the filing deadline. The first is that he was experiencing computer and networking issues with his internet service and modem server platforms. PFR File, Tab 8 at 3. He has submitted notification from Verizon which appears to indicate that his home Wi-Fi and router were upgraded on December 12, 2019, *id.* at 21, and he states that "I am at their mercy [presumably, Verizon and Hewlett Packard] to fix the issues," and that "I do not know how to do things here." PFR File, Tab 9 at 3. Even if so, the appellant did not explain why, for example, he could not have timely submitted his petition using a computer other than his own. Nor has he explained why, even though he is an e-filer, he could not have filed his submission by non-electronic means. 5 C.F.R. § 1201.24(f). Moreover, he did not explain why he could not have timely submitted a second request for an extension of time in which to file his petition for review. We find, therefore, that, despite his computer difficulties, the appellant has not shown that he exercised due diligence and ordinary prudence under the circumstances.[4]

The second explanation the appellant offers is that he is under medications that have side effects which hindered his ability to remember and complete tasks involved in submitting required information. PFR File, Tab 8 at 3. The Clerk's order specifically advised the appellant that, if he was alleging that his health affected his ability to meet filing deadlines, he must demonstrate that he suffered from an illness that affected his ability to file on time, and that he must: (1) identify the time period during which he suffered from the illness; (2) submit medical or other evidence showing that he suffered from the alleged illness

---

[4] We reject the appellant's statement that he understood that he had 60 days to submit his petition, PFR File, Tab 9 at 3. Any such assumption is contrary to the clear language of the Board's order granting the filing extension, PFR File, Tab 2.

during that time period; and (3) explain how the illness prevented him from timely filing his petition for review. PFR File, Tab 6 at 7 n.1. The appellant did not identify the time period during which he suffered from any particular illness and submitted no medical evidence showing that he suffered from such an illness. Rather, he submitted only lengthy information sheets prepared by drug companies for four medications, two anti-depressants, Duloxetine and Trazodone Hydrochloride, and two anti-epileptic drugs, Lyrica and Gabapentin, *id.* at 4-20. According to these information sheets, in addition to a host of physical reactions, these drugs can affect the ability to think clearly, *id.* at 6, and can, among other things, cause confusion, *id.* at 12, sleepiness, and dizziness, *id.* at 15, 19. However, the documents do not constitute preponderant evidence showing that the appellant was impaired by any medical condition during the filing period that prevented him from timely filing his petition for review so as to constitute good cause for waiving the time limit. *Cf. Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶¶ 7-9 (2012) (finding that the appellant's medical evidence, including reports from his psychiatrist, specifically explained that her medical conditions substantially impaired her ability to perform certain tasks directly related to the ability of an individual to timely follow instructions regarding the filing of an appeal with the Board or to seek an extension of time to file).

In sum, the appellant has not shown that he exercised due diligence or ordinary prudence under the circumstances, and his petition for review must be dismissed as untimely filed. *Palermo*, 120 M.S.P.R. 694, ¶ 4.

**ORDER**

Accordingly, we dismiss the petition for review as untimely filed with no good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** <u>**Judicial review in general**</u>.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.